IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DUSTIN WAYNE NORMAN                                                            PLAINTIFF

v.                  Civil No. 5:19-cv-05237

SERGEANT JEB BYRD, Badge #414,
Washington County Detention Center                                      DEFENDANT

## OPINION AND ORDER

Plaintiff, Dustin Wayne Norman, currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").

Plaintiff's Complaint (ECF No. 1) is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1), on December 6, 2019, Norman was informing Sergeant Byrd that he needed to "feed me . . . portion size of my diet that I was on." Sergeant Byrd responded negatively. At that point, Norman responded: "F--- You." Sergeant Byrd replied that Norman was not "his type." Norman believed that Sergeant Byrd was referring to his charges. Norman believes this constituted defamation of his character and judgment.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being

1

issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). To state a claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights" *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014)(citation omitted).

Slander, defamation, and humiliation, while unprofessional and distasteful conduct, does not state a constitutional violation. "[D]efamation, per se, is not actionable under section 1983. *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the " Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."

2

*Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

Similarly, "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

This claim is subject to dismissal.

### IV.  CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. See 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The Clerk is directed to enter a § 1915(g) strike flag on this case.

IT IS SO ORDERED this 16th day of January 2020.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE